## CITIZENS BANK *v.* JENKINS.

Under the statutes of this State, entry of an execution on the general execution docket of a county in which land of the defendant is located, other than the county in which the judgment was obtained or the county in which the defendant resided at the commencement of the suit,

will convey constructive notice of the judgment and cause the lien of the judgment to affect the land as against a bona fide purchaser for value, without actual knowledge of the judgment, who acquires the land after the execution has been entered on the docket. Relatively to land of the defendant so located, it is not necessary, in order to bind the property as against such purchaser, that the execution be entered on the general execution docket of the county in which the judgment was obtained or the county in which the defendant resided.

No. 3615. December 11, 1923.

Claim. Before Judge Summerall. Pierce superior court. November 18, 1922.

*W. C. Hodges,* for plaintiff.

Atkinson, J. A money judgment was obtained in the superior court of Coffee County against a resident of Wayne County. Execution was duly issued on the judgment and was entered on the general execution docket in Coffee County, but was never entered on the execution docket of Wayne County. It was subsequently entered on the general execution docket in Pierce County. Two days after the entry on the latter docket the defendant purchased certain land in Pierce County, and immediately conveyed it to a bona fide purchaser for value, who did not have actual knowledge of the judgment. After the conveyance last mentioned the land was levied on as the property of the defendant, and his grantee interposed a statutory claim. The judge, trying the case by consent without a jury, found the property not subject. The plaintiff excepted.

1. The case involves competition between a deed conveying land to a bona fide purchaser for value, and a lien of a prior judgment against the grantor. A correct decision depends on construction of statutes relating to the lien of money judgments and entry upon execution dockets of executions based on such judgments. It was provided in § 3499 of the Code of 1863 (which is § 5946 of the Civil Code of 1910) that: " All judgments obtained in the superior, . . justices', or other courts of this State shall be of equal dignity and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code." In the sections immediately following were certain exceptions which need not be stated. It is sufficient to say that none of them required recording or entering upon an execution docket of a fi. fa. based on the judgment, in order that the lien of the judgment might be binding upon the

property of the defendant. In 1874 an act was passed providing that judgments rendered in counties other than the county in which the defendant resided at the time of the institution of the suit shall not bind property of the defendant, as against bona fide purchasers for value, " unless the judgment creditor shall record, or have recorded, his judgment within three months after the same has been rendered in the books of deeds and mortgages, in the superior court of the county where the defendant resided at the time suit was instituted." Acts 1874, p. 45. In 1879 the act of 1874 was expressly repealed, and in lieu thereof it was provided : " That where a money judgment shall be hereafter rendered against any defendant who, at the time suit is begun, does not reside in the county where it is instituted, the property of such non-resident defendant, which is situated, at the date of the judgment, without such county, shall, so far as affects bona fide purchasers, for value, without actual notice of the judgment, not be bound by such judgment, unless the owner of such judgment shall, within three months from the final rendition of the judgment, have his fieri facias entered upon the execution docket in the office of the clerk of the superior court of the county where such defendant resided at the date of the judgment. . . That if any such judgment is so docketed after the three months specified in the foregoing section, the provisions of said section shall not apply to purchases made after such docketing." Acts 1878-9, p. 143.

The above-quoted provisions of the act of 1879 were embodied in § 3583 of the Code of 1882, and such provisions were substantially embodied in § 5356 of the Code of 1895 and § 5951 of the Code of 1910, changed only as to the matter of time, " thirty days " being substituted for the words " three months," where they occurred in the prior law. In 1889 an act was passed entitled : " An act to provide when transfers and liens shall take effect as against third parties." Acts 1889, p. 106. Section 2, of that act provided : " That the clerk of the superior court of each county shall be required to keep a general execution docket, and that as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence . . shall have a lien upon the property of the defendant from the rendition thereof, unless the execution

issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered. When the execution shall be entered upon the docket after the ten days, the lien shall date from such entry." Section 3 provided: "That, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained . . in this State, outside of the county of the defendant's residence, shall have a lien upon the property of the defendant in any other county than where obtained, unless the execution issuing thereon shall be entered upon the general execution docket of the county of his residence within thirty days from the time the judgment is rendered. When the execution shall be entered upon the docket after the thirty days, the lien shall date from such entry." The above-quoted provisions of sections 2 and 3 of the act were embodied in the Code of 1895 and in the subsequent Code of 1910, and in the latter code they appear in §§ 3321 and 3322 respectively. In 1914 an act was passed entitled: " An act to require executions to be recorded on the general execution docket of the county where the land lies, in order to be a lien on such land, as against the interests of third parties acting in good faith and without notice who have acquired a transfer or lien thereon, and for other purposes." Acts 1914, p. 98. Section 1 of this act provides: " No money judgment obtained in any court of this State, or United States court, in this State, shall create any lien on land in any other county than where obtained, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding defendant's property, unless at the time of said transfer the execution was recorded on the general execution docket in the county where such land is located." Section 2 repeals conflicting laws.

From the foregoing historical statement it appears that the enactments relating to execution dockets and the entry thereon of fi. fas. based on judgments rendered in courts in this State are exceptions contemplated by the provisions of the Civil Code (1910), § 5946, for the protection of parties who in good faith and without actual knowledge of a judgment become purchasers for value or acquire liens on the property of the defendant, without interfering with rights of the judgment creditor further than to impose on him the duty of entering his fi. fa. on the execution

docket of the court, in order that such entries may afford constructive notice to parties purchasing property of the defendant or acquiring liens thereon. The plan contemplated a convenient means of imparting constructive notice, and the possibility that judgments might be rendered in the county of the residence of the defendant or in another county, and that such judgments might affect property of the defendant either in the county where the judgment was obtained or in the county of his residence, if those counties were different. The enactments also contemplated property of the defendant which might be located in any county of the State, which would include a county different from that in which the judgment was obtained or that in which the defendant resided. The act of 1914, supra, referred only to property that was located in a county different from that in which the judgment was rendered or in which the defendant resided, and was restricted to real estate. The former acts required the fi. fa. to be entered upon the general execution docket within a specified time after rendition of the judgment, while the act of 1914 contained no such provision. The requirement in that act is that the fi. fa., in order to affect persons acquiring " a transfer or lien binding the defendant's property," must be entered on the general execution docket in the county where the land is located *at the time of such transfer.* Under that act a purchaser or one intending to acquire a lien on the land is required by the law to look to the general execution docket of the county where the land is located, for evidence of outstanding judgments against his vendor. If the execution docket of that county shows the entry of a fi. fa. against the vendor, that is sufficient notice to the purchaser or person acquiring the lien. Having such notice, it would be useless to require him to look to the docket of other counties for the same information.

That provision of the act of 1889 which is now contained in the Civil Code, § 3321, contemplates judgments rendered in the county of the residence of the defendant, and its terms are sufficiently broad to leave the lien of the judgment binding from the date of the judgment on all property of the defendant, whether real or personal, in every county of this State, if the execution based on the judgment is entered upon the execution docket of the county of the defendant's residence within *ten days* from the date of the judgment; and if the execution is not entered on the docket within

ten days, the lien of the judgment will bind such property only from the date the execution is entered on the docket. That provision of the act of 1889, contained in the Civil Code, § 3322, refers to judgments obtained in counties of this State outside of the county of the defendant's residence, and provides for entry of an execution on the general execution docket of the county of the residence of the defendant within *thirty days,* which if done will likewise cause the lien of the judgment to attach from its date to all of the property, real and personal, of the defendant located in any county in this State. It will be perceived that there is a repugnancy between parts of these provisions of the act of 1889 and the subsequent act of 1914. Under the act of 1914, relatively to land located in a county other than that in which the defendant resided or that in which the judgment was obtained, the execution based on the judgment is not required to be entered upon the general execution docket at any particular time, and there is no provision for retroactive effect of the lien from the date the execution has been entered on the docket, but it is provided that the lien of the judgment will affect the land as against a purchaser or one acquiring a lien from the defendant, if the execution is duly entered on the execution docket *at the time of the transfer or the giving of the lien.* The act of 1914 repeals all conflicting laws; and to the extent of the repugnancy which has been pointed out, the act of 1914 modifies the former law. In this view, relatively to land located in a county other than that in which the defendant resides or that in which the judgment was obtained, if a fi. fa. based on the judgment is entered on the general execution docket of the county in which the land is located, it is not necessary, in order for the judgment to bind such land, that the fi. fa. be also recorded in the county of the defendant's residence, or in the county in which the judgment was obtained. In this particular case the fact that the fi. fa. was entered on the general execution docket of the county where the judgment was obtained, but not on the general execution docket of the county in which the defendant resided, is immaterial. As the fi. fa. was duly entered on the general execution docket of the county in which the land is located, that county being other than the two counties last mentioned, the judge erred in finding that the property was not subject to the lien of the judgment.

*Judgment reversed. All the Justices concur.*