HERRE *et al. v.* ROOT MANUFACTURING COMPANY.

No. 8006. MAY 12, 1931. JULY 25, 1931.

*C. L. Shepard* and *W. H. Harris,* for plaintiff in error.

*Ryals, Anderson & Anderson* and *S. M. Mathews,* contra

HILL, J. In this case a decision was rendered affirming the judgment of the trial court. A motion for rehearing was granted. The former opinion is withdrawn and the judgment of affirmance is vacated, and the following substituted:

It appears that the trial judge confined his ruling to the question of the petition and demurrer. He did not expressly rule upon the question of injunction or the appointment of a receiver. As we view the case, the controlling question is whether the judgment of Root Manufacturing Company, the plaintiff, which was a lien against whatever title and interest A. J. Evans, the grantee in the security deed, had, is superior to the rights of Gustave Herre, who is the transferee of that deed from Evans, to secure a debt from Evans, and which judgment was recorded in the county where the land lies after the date of the transfer of the property, but the

record of which judgment was prior to the record of the transfer of the security deed. The judgment in favor of Root Manufacturing Company against A. J. Evans was obtained in Peach County on March 8, 1927, and was recorded in Crawford County, where the land is situated, on December 17, 1927. Evans transferred the security deed to Gustave Herre on May 7, 1927, and the transfer was recorded in Crawford County on November 7, 1928. It will thus appear that the transfer of the security deed occurred some eighteen months prior to the record of the judgment in Crawford County, the situs of the property.

The act of 1914 (Ga. L. 1914, p. 98), which is embodied in Park's Code, § 3322(a), and Michie's Code, § 3322(1), provides that "No money judgment obtained in any court of this State, or United States court in this State, shall create any lien on land, in any other county than where obtained, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding defendant's property, unless at the time of said transfer the execution was recorded on the general execution docket in the county where such land is located." And see *Citizens Bank* v. *Jenkins,* 156 *Ga.* 874 (120 S. E. 607). It will thus appear from the facts in the record that at the time of the transfer of the land and notes from Evans to Herre the execution obtained in Peach County had not been recorded in Crawford County, where the land lies, and the fact that the execution was not entered on the execution docket of the county in which the judgment was obtained, or the county in which the defendant resides, is immaterial. *Citizens Bank* v. *Jenkins,* supra. The controlling question is whether the execution obtained in Peach County was recorded in Crawford County before the transfer of the land from Evans to Herre. The record discloses that it was not, and Herre had no notice of the execution at the time he purchased from Evans. It is not a question here as to the priority of records, but it is a question of whether, under the act of 1914, the purchaser bought without notice before the record of the execution in the county where the land lies; and this being so, the act of 1914 applies and is controlling. It follows that the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*