28125. BRADLEY *et al. v.* BOOTH.

*George W. Westmoreland,* for plaintiff in error.

*Erwin & Nix,* contra.

MacIntyre, J. The present case was tried on an agreed statement of facts. G. A. Booth, plaintiff in fi. fa., obtained in the city court of Athens a judgment against John S. Bradley, on March 2, 1938. The execution issued on this judgment was properly recorded on the general execution docket of Clarke County on March 2, 1938, and was recorded on the general execution docket in Hall County on July 8, 1939. On January 28, 1939, John S. Bradley bought a 1935-model Terraplane automobile for $235, paying $75 and agreeing to pay $160 in eight monthly installments of $20 each, commencing on March 4, 1939. At this time John S. Bradley was living in Gainesville, Hall County, but was not then and is not now registered to vote in Hall County. On May 22, 1939, Bradley sold the car to Jack McGinnis. On May 29, 1939, McGinnis sold the car to C. L. Bullock, the claimant. McGinnis, in buying the car, gave a mortgage on the same to the First National Bank of Gainesville, which was reduced to $60, and which was properly recorded; and when Bullock bought the car from McGinnis he assumed the indebtedness to the First National Bank. On August 1, 1939, the deputy sheriff of Hall County levied on said car under the fi. fa. of Booth, the car being in the possession of Bullock. Bullock filed his claim to the property. The issue made by the claim affidavit was submitted to Judge Tuck, of the city court of Athens, and the judge rendered his decision finding the property subject to the judgment in favor of Booth. Bullock and Bradley excepted.

The sole question presented is whether the property is subject to the fi. fa. The plaintiff in error contends that with reference to the Code, §§ 39-701, 39-702, "there can be but one interpretation, and that is when one has obtained a judgment in a county, *then that judgment must be recorded in that county within ten days after it has been obtained.* If in the meantime the defendant in execution has moved to another county, *then said judgment must*

*be recorded within thirty days from the date it is obtained in the county to which defendant has moved.* If the above recording is not had as thus stated, then liens only date from the day they are recorded in the respective counties." We can not agree to this contention. A judgment is a security of record. In our State it has never been questioned that the judgment binds the property *at any time owned* by the defendant after its rendition, although in the hands of a bona fide purchaser (*Kollock* v. *Jackson,* 5 *Ga.* 153, 158 (2, 3)), except, of course, as otherwise provided by the Code. "All judgments obtained in the superior, justices', or other courts of this State shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code." § 110-507. There are three exceptions to this section, to wit: §§ 39-701, 39-702, and 39-703. "The clerk of the superior court of each county shall be required to keep a general execution docket; and as against the interest of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of defendant's residence, in any court of this State, whether superior court, ordinary's court, county court, city court, or justice court, or United States court in this State, municipal court or other courts, shall have a lien upon the property of the defendant from the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within 10 days from the time the judgment is rendered. When the execution shall be entered upon the docket after the 10 days, the lien shall date from such entry." § 39-701. "As against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained in any court of this State or United States court in this State, outside of the county of the defendant's residence, shall have a lien upon the property of the defendant in any other county than where obtained, unless the execution issuing thereon shall be entered upon the general execution docket of the county of his residence within 30 days from the time the judgment is rendered. When the execution shall be entered upon the docket after the 30 days, the lien shall date from such entry." § 39-702. "No money judgment obtained in any court of this State, or United

States court in this State, shall create any lien on land, in any other county than where obtained, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding defendant's property, unless at the time of said transfer the execution was recorded on the general execution docket in the county where such land is located." § 39-703.

With reference to § 39-701, as qualified by § 39-703, the Supreme Court, in *Citizens Bank* v. *Jenkins*, 156 *Ga.* 874, 878 (120 S. E. 607), said that it "contemplates judgments rendered in the county of the residence of the defendant, and its terms are sufficiently broad to leave the lien of the judgment binding from the date of the judgment on all" personal property of the defendant in every county of this State. With reference to § 39-702, as qualified by § 39-703 (Ga. L. 1914), the Supreme Court said that it "refers to judgments obtained in counties of this State outside of the county of the defendant's residence, and provides for entry of an execution on the general execution docket of the county of the residence of the defendant within thirty days, which if done will likewise cause the lien of the judgment to attach from its date to all" personal property of the defendant located in any county in this State.

Among the instances where § 39-702 applies is where a suit is brought against joint obligors, joint promisors, copartners, or joint trespassers, residing in different counties, and is tried in the county of one of such defendants; and in order for a successful plaintiff in such suit to have a lien upon the personal property of such non-resident joint defendant in any other county than where the judgment was obtained, he must enter the execution issuing upon such judgment upon the general execution docket of the county of his residence within thirty days from the time the judgment is rendered. And we think that § 39-701 applies only when the judgment was obtained in the county which was the defendant's residence at the time the judgment was obtained; and in such event, in order for said judgment to be a lien upon the personal property of the defendant (in whatever county located) from the rendition of the judgment, the execution issued thereon shall be entered within ten days on the general execution docket in the county where the judgment was obtained. In discussing the re-

moval of a defendant from the county in which a judgment was rendered against him, the Supreme Court said, in *Smith* v. *Howell,* supra, that such removal "will not render necessary entering upon the general execution docket of the county to which he removes an execution issued upon such judgment. If in such a case, within ten days from the date of judgment, the execution issued thereon is entered on such docket in the county in which the judgment was rendered, the lien of such judgment attaches to all his property from the date of its rendition. If such entry be postponed beyond ten days, the lien of the judgment attaches only from the date when the entry is actually made. In no event is so entering the execution in the county to which the defendant removes necessary to effectuate the lien of the judgment as to his property therein." This and other similar decisions, however, would no longer apply to judgment liens on realty located in a county other than where judgment was obtained; for since the rendition of that decision the legislature enacted § 39-703 (Ga. L. 1914, p. 98), requiring record of the execution issuing on the judgment in the county where the land lies. It follows from what has been said that the judge did not err in finding the property in question subject to the judgment in favor of G. A. Booth.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*