In re RCF TECHNOLOGIES, INC., d/b/a RCF Seals & Couplings, Inc., Debtor.

RCF Technologies, Inc., d/b/a RCF Seals & Couplings, Inc., Movant,

v.

Rubbercraft Corporation of California, Ltd., Respondent.

No. 00–60490.

United States Bankruptcy Court, S.D. Georgia, Statesboro Division.

July 5, 2001.

**532**

J. Michael Hall, Statesboro, GA, for debtor.

## ORDER

JOHN S. DALIS, Chief Judge.

█ RCF Technologies, Inc. d/b/a RCF Seals & Couplings, Inc. (hereinafter "Debtor") objects to the secured status of the claim of Rubbercraft Corporation of California, LTD (hereinafter "Rubbercraft") on the grounds that Rubbercraft's judgment was never perfected by recording on the general execution docket in the county where the Debtor is located. Because Georgia law requires that a judgment be recorded before a lien is created

and enforceable against third parties, the Debtor's objection is sustained.

The facts are not in dispute. On January 27, 2000, Rubbercraft filed suit in the United States District Court for the Central District of California and obtained a default judgment against the Debtor in the amount of $161,250.96. The judgment was registered in Georgia by filing a certified copy with the clerk of the District Court for the Southern District of Georgia on April 20, 2001. A writ of execution was issued by the District Court of the Southern District of Georgia. Believing the Debtor was located in Vidalia, Georgia, Rubbercraft filed suit in the Superior Court of Toombs County to domesticate the judgment. However, the court informed Rubbercraft that the Debtor was located in Montgomery County, Georgia. The action was transferred to Montgomery County. Prior to an order being entered, the Debtor filed this Chapter 11 bankruptcy case on June 2, 2001. Rubbercraft timely filed a proof of secured claim in the amount of $159,967.47. The Debtor filed an objection to the claim's secured status on March 27, 2001.

█ Under O.C.G.A. § 9–12–80, a lien begins on the date of entry of a judgment of a Georgia court and attaches to all property of the defendant subject to other exceptions in the Code. *Nationsbank v. Gibbons,* 226 Ga.App. 610, 487 S.E.2d 417, 419 (1997). The Debtor argues that under O.C.G.A. § 9–12–81(b) Rubbercraft does not have an enforceable lien because it failed to record its lien in the general execution docket of Montgomery County, Georgia where the Debtor is located. Under Georgia law, in order for a judgment to become an enforceable lien as against third parties acting in good faith and without notice, the execution must be entered upon the execution docket. O.C.G.A. § 9–

12–81(b) [1]. In order for a judgment to be a lien upon the personal property of the defendant the execution issuing thereon must be entered upon the general execution docket in the county where the judgment was obtained. *Bradley v. Booth,* 62 Ga.App. 770, 9 S.E.2d 861 (1940). Rubbercraft was unable to perfect its lien in Montgomery, County, Georgia and therefore its lien is invalid.

Rubbercraft argues that under 28 U.S.C. § 1962 and § 1963 it has a valid lien on all property of the Debtor as of April 20, 2000, which is the date the California judgment was registered in the Southern District of Georgia. Section 1962 states:

> every judgment rendered by a district court within a State shall be a lien on the property located in such State *in the same manner, to the same extent and under the same conditions* as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time... Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply *only if the law of such State authorizes the judgment of a court of the United States to be registered recorded, docketed, indexed or otherwise conformed to rules and requirements* relating to judgments of the courts of the State. (Emphasis Added).

Under 28 U.S.C. § 1963, a judgment rendered in any other federal court may be registered in any other district and the judgment shall have the same effect as a judgment of the district court where it was registered and may be enforced in like manner. It is obvious from the language of the statutes that Rubbercraft's registered judgment must be treated as an original judgment in the state of Georgia and that local law controls. *See United States v. Palmer,* 609 F.Supp. 544, 548–49 (E.D.Tenn.1985) (treating a Texas judgment registered in Tennessee as an original judgment rendered in Tennessee).

While it is true that Rubbercraft has a valid judgment with the same effect as a judgment entered by a United States district court in Georgia, in order for the lien to attach and be enforceable as against third parties, the judgment must be recorded in the general execution docket. Section 1962 states that "whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done... before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State." Under O.C.G.A. § 9–12–81(b), any money judgment obtained in the county of defendant's residence in either a state or *federal court* in Georgia must be entered into the general execution docket in order to create a lien upon the property. Because

---

**1.** O.C.G.A. § 9–12–81(b) states in pertinent part:

As against the interest of third parties acting in good faith and without notice who have acquired a transfer or lien binding the property of the defendant in judgment, no money judgment obtained within the county of the defendant's residence in any court

of this state or *federal court* in this state shall create a lien upon the property of the defendant unless the execution issuing thereon is entered upon the execution docket. When the execution has been entered upon the docket, the lien shall date from such entry. (Emphasis Added).

Rubbercraft failed to perfect within Montgomery County, Georgia, its claim is a general unsecured claim.

It is therefore ORDERED that the Debtor's Objection to Claim is SUSTAINED. The claim is allowed as general unsecured.