EADS *et al. v.* SOUTHERN SURETY COMPANY *et al.*

No. 9606.   FEBRUARY 14, 1934.
ADHERED TO ON REHEARING, MARCH 3, 1934.

*Arnold, Arnold & Gambrell, Hendrix & Buchanan, Camp, Savage & Crawford,* and *Charles W. Bergman,* for plaintiffs in error.

*McDaniel, Neely & Marshall, Alston, Alston, Foster & Moise, Little, Powell, Reid & Goldstein, James N. Frazer, Sidney Smith, Clinton Cox, Clifford Hendrix, B. W. Fortson,* and *E. P. & J. Cecil Davis,* contra.

ATKINSON, J.   The Southern Surety Company, a non-resident corporation, made a deposit of securities with the State treasurer

of Georgia, as provided by statute, and obtained a license to engage in the business of writing bonds in this State. The company executed bonds as surety for contractors, and also bonds or contracts indemnifying individuals against loss by reason of damage by them to person or property of others. The company became insolvent and was placed in the hands of a receiver. By permission of the court the receiver applied for and obtained from the State treasurer the securities which had been placed on deposit, converted them into money, and held the fund subject to the order of the court. Prior to the receivership a person who had been injured by one holding an indemnity contract as indicated above obtained a common-law judgment against the insured and the company. The plaintiff in that case intervened in the suit for receiver, for the purpose of having his judgment declared to be a prior lien upon the fund just mentioned. Other persons having similar claims in suit, that had not been reduced to judgment, filed similar interventions. Other claims of priority were set up by the original plaintiff and other intervenors, based on bonds executed by the company as surety for contractors on statutory bonds made payable to the State Highway Department. Judgments were obtained ·by the plaintiff and the several intervenors against the company. At a subsequent date, in pursuance of previous orders, the judge took up the matter of decreeing priorities as among the contending parties and ordering distribution of the fund in the hands of the receiver. At this hearing a decree was rendered giving first priority to the claims asserted in virtue of the contractor's bond with the State Highway Department, and second in priority to the claim asserted in virtue of the prior judgment, and third in priority to the claims of all other parties. This judgment was excepted to by the parties who intervened on their claims asserting liability of the company in virtue of its bonds indemnifying persons from loss by reason of injury to person and property of others.

◼ The act of 1896 (Ga. L. 1896, p. 58), as amended by the act of 1897 (Ga. L. 1897, p. 60), provides as follows:

"Section 1. Be it enacted by the General Assembly of the State of Georgia, that from and after the passage of this act solvent guarantee companies, surety companies, fidelity-insurance companies, and fidelity and deposit companies incorporated and organized under the laws of this State, or any other State of the United States,

for the purpose of transacting business of fidelity insurance, which has a paid-up capital of two hundred and fifty thousand dollars, and which shall have complied with all the requirements of law as to license required by the State, may, upon proper proof thereof, and upon production of evidence of solvency, be accepted upon the bonds of all city, county, and State officers of this State; and the various officers of this State, whose duty it is to approve the sureties upon such bonds, are hereby authorized to accept such company or companies as one of the sureties, or the only surety, upon such bonds as the solvency of such company may warrant; provided, no company shall be relieved of its liability upon any such bond by reason of the fact that the books and accounts of the principal have been examined and approved as correct by the proper authorities, when in fact there has been a breach of said bond and a loss occurring from such breach.

"Sec. 2. Be it further enacted, that such companies may be taken as the sole surety upon all attachment bonds, whether such companies have or do not have real estate in this State.

"Sec. 3. Be it further enacted, that in case of default upon any bond upon which such companies as sureties, then the city, county, and State authorities shall have all the remedies against the principal and sureties upon said bonds as are now provided by law, including the right to issue fi. fas. instanter as now provided by law.

"Be it further enacted, that all companies herein described, chartered by this State or other States or foreign governments, now doing business in this State or hereafter doing business in this State, which offers or undertakes to become security upon any bond required by law of city, county, and State officers, before being accepted as surety thereon, shall be required to deposit with the treasurer of this State bonds of the United States or bonds of this State, which, according to the acts and resolutions of the General Assembly, are valid and which amount according to their face value to twenty-five thousand dollars, which funds shall be receipted for by the State treasurer and especially deposited by him in the vaults of the treasury; and whenever such company ceases to do business in this State and has settled up all claims against it, as hereinafter provided, and have been released from all the bonds upon which they have been taken, said bonds shall be delivered up to the proper party on presentation of the treasurer's receipt. While said bonds

are so deposited, the owner of the same shall, subject to the notices provided for or given, be entitled to collect the coupons and use them. For the bonds so deposited the faith of the State is pledged that they shall be returned to the parties entitled to receive them, or disposed of as hereinafter provided.

"That whenever any loss insured against occurs, the insured, in order to secure his recovery, may give notice to the State treasurer of the pendency of said loss and of the amount claimed, after which time the State treasurer shall be bound to retain, subject to the order of the court trying any suit that may be brought for the recovery of such loss, a sufficient amount to pay the judgment in said case, in the event of recovery; when suit is ended, and the amount ascertained for which said party sued may be liable is not paid in ten days, then said plaintiff may file an application with the judge of the superior court of the county where the case was tried, for a receiver to take charge of so many bonds as shall be necessary to satisfy the aforesaid judgment. When said receiver is appointed by the judge, who shall always require bond and security of him for the faithful performance of his duty, said State treasurer, on his application, shall deliver to him bonds sufficient in their market value, if in his custody, to satisfy said judgment. Said receiver's receipt shall be a complete discharge to said treasurer and the State of Georgia. Then said receiver shall apply to the judge of said superior court for an order of sale, and in pursuance of said order sell said bonds. After deducting such expenses and commissions as shall be allowed by said judge, he shall pay over to the plaintiff, or his attorney, a sufficient amount to satisfy the said judgment, and if there remains any residue in the hands of such receiver, he shall pay over the same to the agent of the company, taking his receipt for the same, which shall be filed and recorded with the other papers in the case. If there are conflicting claims, then the State treasurer shall deliver over to the receivers, in the order of their application, the aforesaid bonds, and if there is any contest between creditors which can not be settled in this mode, then the party not receiving sufficient bonds through the receiver appointed in his behalf may become a party to the other case and make known his claim to the other receiver by making affidavit of the claim and filing the same with him, and then the receiver shall report such claim to the judge of the superior court appointing him, who shall by order provide for a bill of interpleader, as in cases in equity.

"When any company desires to withdraw from the State and will satisfy the insurance commissioner that all suits pending against such party, and of which no notice has been given, have been fully satisfied, or whenever no notice of claim has been given, and when such companies have been released from all bonds theretofore given by them, then the said treasurer shall return to said party the bonds so deposited upon order from said insurance commissioner.

"Whenever, by means of the provisions of this act, the amount of bonds so deposited are reduced, said treaurer shall at once notify the insurance commissioner in writing, who will give notice to the company depositing, and require more bonds to be deposited, so as to always maintain the original amount, and if the company so notified by the insurance commissioner fails to comply within thirty days, the right of the company to do business in this State shall be revoked, and said insurance commissioner shall at the same time give notice, by publication in a newspaper published at the capital, of the fact of such failure and revocation of license, and shall mail written or printed notice to the several ordinaries of this State, the cost of which publication shall be paid by the company failing to comply with the provisions of this act; and when any company, having made the deposit required by this act, has assumed any liability, by suretyship or otherwise, on which no losses have accrued, and which company wishes to withdraw its deposit, before being allowed to do so said company shall have itself released from such obligation, whether suretyship or otherwise, and give notice of its intention to withdraw from this State, and of the fact that it has satisfied all losses and the claims against it, and have been released from all obligations assumed by it, which notice shall be published in a newspaper to be designated by the insurance commissioner of the State, and at the expense of said company; and it is hereby provided, that any claims of the citizens of this State must, whether for losses accrued or upon obligations thereinbefore assumed by said company (where no losses have occurred), be fully settled before said deposit shall be withdrawn."

While this law was in effect the act to provide for the establishment of a Department of Insurance was adopted (Ga. L. 1912, p. 119). Section 27 of that act provides as follows: "Be it further enacted, that before any surety or bonding company shall write any bonds in this State, it shall be required to deposit the sum of

$25,000 with the State treasurer, conditioned as is now provided by law for the deposits required of such companies in writing bonds of public officials of this State. Provided, that whenever any such company shall have already deposited $25,000 as now provided by law for writing bonds of public officials, it shall not be required to deposit an additional sum." Properly construed, this provision of the act of 1912 by reference draws into it and makes a part thereof the provisions of the act of 1896 as amended by the act of 1897, except as to the character of bonds contemplated by that law and the character of the deposit required to be made with the treasurer of the State. In lieu of these, section 27 of the act of 1912 contemplates "any bonds" other than the class of bonds specified in the former act, and, as to the right to engage in writing such other bonds, requires the specified deposit in money only in the event the company has not already made deposit with the treasurer in character and amount as required by the act of 1896 as amended by the act of 1897. Considering section 27 of the act of 1912 as a whole, including the provisions drawn from the former acts, the deposit required to be made with the treasurer, whether in money or in securities, contemplate placement of funds, available to persons who have suffered "any loss insured against." The loss insured against may include one that pertains to an obligee in a bond which the company has executed as surety for the contractual obligation of another. And it may also include an obligee in a bond or contract of insurance issued by the company in protecting the insured from loss by injury to person or property of others.

The other rulings in the headnotes do not require elaboration.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*