## 45782. FAS-PAC, INC. v. FILLINGAME.

JORDAN, Presiding Judge. This is a claim case on appeal from a ruling in favor of the plaintiff in fi. fa. and denying the claim. The plaintiff in fi. fa., Mrs. Fillingame, as the payee of a note dated August 15, 1967, listing thereon a milling machine as collateral, obtained judgment on September 16, 1968, against the maker for the balance due on the note, and on September 9, 1969, obtained a constructive levy on the machine then in the possession of the claimant as the successor in interest to Inman, the purchaser at a judicial sale on October 21, 1968, who had obtained a judgment against the same debtor on March 5, 1968, and had proceeded to enforce the judgment by obtaining a levy on the machine and other property of the debtor on September 17, 1968. At the hearing before the trial judge, sitting without a jury, Inman testified he had been aware of the indebtedness to Mrs. Fillingame and of the existence of a note to cover the debt, but specifically denied any knowledge that the note gave Mrs. Fillingame a security interest in the milling machine. Mrs. Fillingame testified that she informed Inman of the existence of the note in December 1967, or January, 1968. *Held:*

We notice judicially that the judgment on March 5, 1968, was at an earlier term of court than the judgment of September 16, 1968. As between the liens of the judgments rendered at different terms of the same court, the senior judgment has priority. *Code* §§ 110-505, 110-507; *Eads v. Southern Surety Co.,* 178 Ga. 348 (2) (173 SE 163).

Subject to the exception not here applicable, the rights of one having an imperfected security interest are subordinate to one who becomes a lien creditor without knowledge of the security interest and before it is perfected. UCC-Secured Transactions § 9-301 (1, b) *(Code Ann.* § 109A-9—301 (1, b). Also, see UCC-Secured Transactions §§ 9-301 (3), 9-303 *(Code Ann.* §§ 109A-9—301 (3), 109A-9—303).

Nothing appears under the evidence to establish that Mrs. Fillingame had perfected her security interest in the milling machine before Inman became a lien creditor. Her judgment on

the debt for the unpaid balance on the note did not in itself operate to perfect her security interest in the collateral listed on the note and nothing otherwise appears, e.g., filing or possession of the collateral, to perfect the interest. There is also no evidence to show that Inman was aware of her security interest in the machine when he became a lien creditor, as distinguished from his knowledge of the existence of the unpaid note. Although Mrs. Fillingame discussed the debt and the note with Inman, there is nothing to disclose that she exhibited the note or mentioned that the milling machine was listed thereon as collateral. The rights of the claimant are derived from Inman, as the lien creditor and purchaser at the judicial sale, and are therefore superior to the rights of the plaintiff in fi. fa.

*Judgment reversed. Quillian and Evans, JJ., concur.*
ARGUED JANUARY 7, 1971—DECIDED JANUARY 22, 1971.

*Harris, Rolader & Simmons, Robert B. Harris,* for appellant.
*Richardson, Chenggis & Constantinides, Richard P. Mallis,* for appellee.