60613. MORRIS-WEATHERS COMPANY v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION et al.

POPE, Judge.

Appellant and two appellees obtained judgment against the excess proceeds of a sale of real property from a bankrupt estate on which Decatur Federal Savings and Loan Association (Decatur Federal) was the first mortgage holder. All three judgments were obtained in the State Court of DeKalb County in December, 1975 and were recorded on the general execution docket of the Superior Court of DeKalb County in compliance with Code Ann. § 110-515. Appellant's judgment was obtained and recorded first in time to the

others and appellant claimed priority entitlement to payment of the funds as senior lienholder. Upon Decatur Federal's complaint for interpleader, the trial court found that the funds were subject to the judgments of all the parties on an equal basis pursuant to Code § 110-505 and should be distributed on a pro-rata basis. Appellant contends on appeal that Code Ann. § 110-505 was repealed and superceded by Code Ann. § 110-515 insofar as real property liens obtained by judgment creditors are concerned, and that it was therefore entitled to senior lienholder status and summary judgment in its favor.

Since 1810 Code § 110-507 has provided that "all judgments obtained in the . . . courts of this State shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code." Code § 110-505, enacted in 1922, provides that all judgments rendered at the same term of court are to be considered to be of equal date. Subsequently, Code Ann. § 110-515 was enacted and provides that before a judgment could "in any way, affect or become a lien upon the title to real property," it must be recorded in the office of the superior court of the county in which the property was located. The surplus funds in this case retain the character of real estate insofar as the lienholders are concerned. Their liens "attach to the proceeds of the sales in the same manner, in the same order, and with the same effect, as they bound the premises before the sale was made." *East Atlanta Bank v. Limbert,* 191 Ga. 486 (12 SE2d 865) (1941).

Code Ann. § 110-515 by its language manifests an intention to date liens on real property from the time of recording. The purpose was apparently so courthouse records would provide reliable notice to interested persons of all claims then in existence against real property. However, the provision of Code Ann. § 110-515 stating that a judgment does not become a lien on real property until recorded conflicts with the older statutes under which a lien was deemed to exist from the date of the judgment. Code Ann. § 110-507. Compare *Coleman v. Law,* 170 Ga. 906 (154 SE 445) (1930). To the extent there is a conflict between the older and newer statutes, Code Ann. § 110-515 must prevail because of its express provision that conflicting laws be repealed. Ga. L. 1958, p. 379; 1966, pp. 142, 143.

The effect of Code § 110-515, therefore, is to make the time of recording determine when a judgment becomes a lien on real property. This statute operates to change the priorities of competing judgments as established under the older laws. We hold that the priorities among competing lienholders as to the real property in the present case must be based upon the time and date of the recording.

While there appear to be no Georgia decisions directly

addressing this issue, a review of the case In the Matter of Tinsley, 421 FSupp. 1007 (M. D. Ga. 1976), affd. without opinion 554 F2d 1064 (1977), reveals that the federal courts are similarly in accord with this position. Tinsley held that Code Ann. § 110-515 was intended to date liens on real property arising from executions from the time of recording.

Applying the same reasoning to the present case, appellant's judgment was recorded first in time and therefore appellant was entitled to status as the senior lienholder and summary judgment in its favor.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 3, 1981.

*Louis F. Ricciuti,* for appellant.
*Charles E. Leonard, Barbara Harris, William L. Harper, Alton T. Milam, Michael Mears,* for appellees.