## 37609. NATIONAL BANK OF GEORGIA v. MORRIS-WEATHERS COMPANY.

CLARKE, Justice.
This court granted certiorari to consider the opinion of the Court of Appeals in *Morris-Weathers Co. v. Decatur Federal Savings &c. Assn.,* 158 Ga. App. 177 (279 SE2d 482) (1981). The single issue before us is whether the Court of Appeals erred in holding that Code Ann. § 110-515 makes the date of recordation of a judgment on the general execution docket the single date and sole criterion for

measuring priorities between competing judgment lien holders and the sole criterion for determining the effect of a judgment on the title to real property.

Appellant Morris-Weathers Company, E. M. Wilson, and the National Bank of Georgia all obtained judgments against Charles M. White in a December, 1975, term of the State Court of DeKalb County, Georgia. Morris-Weathers obtained its judgment on December 10, and the fi. fa. thereto was recorded on the general execution docket on December 11. Applicant for certiorari, NBG, obtained its judgment December 22 and E. M. Wilson obtained his judgment December 23. Both the NBG judgment and the Wilson judgment were entered on the GED on January 6, 1976. Charles White filed for bankruptcy in 1976.

At the time of the recordation of the three judgments in question, White was the owner of a piece of real property subject to a first lien held by Decatur Federal Savings and Loan Association. White's trustee in bankruptcy abandoned the property, and Decatur Federal foreclosed. The proceeds were sufficient to repay Decatur Federal in full. The sale generated $17,054.28 over and above Decatur Federal's interest. Decatur Federal filed an interpleader, depositing the excess into the registry of the court. NBG, Wilson and Morris-Weathers were three of the original defendants in the interpleader, competing for the excess funds. The trial court held that under Code Ann. § 110-505, they were deemed to be of equal seniority, since the three judgments were obtained during the same term of court. Further, since all three judgments were recorded as required by Code Ann. § 110-515, the three judgment holders would take pro rata.

Code Ann. § 110-505 provides that all judgments signed on verdicts rendered at the same term of court shall be considered of equal date. Code Ann. § 110-515 provides that no judgment, decree, or order or any writ of fieri facias issued pursuant thereto shall become a lien upon the title to real property until the judgment, decree, order or fi. fa. is recorded in the office of the clerk of the superior court where the land is located and entered in the indexes to the applicable records. Another section, § 110-507, provides that all judgments obtained in the state shall be of equal dignity and shall bind all property of the defendant from the date of judgment except as otherwise provided by the Code.

The Court of Appeals found no Georgia cases addressing the precise point before us. Neither have we. The United States District Court for the Middle District of Georgia has, however, considered a similar problem in In the Matter of Tinsley, 421 FSupp. 1007 (M. D. Ga. 1976). The question in that case was whether under Georgia law a

creditor who records an execution on a judgment against a bankrupt after it is affirmed on appeal acquires a lien as of the date of the trial court judgment or as of the date of recordation. The creditors took the position that they acquired a lien on the date they obtained judgment, although execution was not issued and entered on the general execution docket until after the judgment was affirmed on appeal. While the court found this position correct as to personal property, it decided that § 110-515 "conclusively interred" the principle that a judgment becomes a lien on real property upon its rendition. The court concluded that under Code Ann. § 110-515 ". . . there is no lien on real property until recordation." Id. at 1011. The Court further found that after recordation there is no relation back of the lien to the date of rendition of judgment. To the extent § 110-505 conflicts with § 110-515, the court found that § 110-505 is repealed.

We do not agree that the effect of Code Ann. § 110-515 is to repeal either § 110-505 or § 110-507. While it is true that § 110-515 as amended provides that all laws or parts of laws in conflict are repealed, Ga. L. 1966, p. 142, we find no conflict which requires a repeal. The title to the Act expressly states that § 110-515 concerns "Judgments As Liens On Real Estate — How Perfected." The purpose of the statute is to protect third persons acting in good faith and without notice by requiring that any judgment, decree or order must be recorded before it will in any way affect or become a lien on title to real property. This repeals neither Code Ann. § 110-505 nor § 110-507.

Although § 110-515 causes a judgment to have no effect as a lien on real estate during the period in which it is not recorded, it does not mean that the judgment does not exist. The period between the taking of the judgment and its recording is merely a period of dormancy. When the judgment is recorded as provided for in the code, the dormancy ends and the judgment becomes effective as a lien on real estate. We hold that for priority purposes, the judgment then relates back to the date of its rendition and shall be considered of equal date with other perfected liens arising from judgments on verdicts rendered at the same term of court. To hold otherwise would reinstitute the race to the courthouse by competing judgment creditors. This is the very evil which § 110-505 was intended to avoid.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*Charles E. Leonard,* for appellant.

*William L. Harper, United States Attorney, Barbara A. Harris, Assistant United States Attorney, Alton T. Milam, Louis F. Ricciuti,* for appellee.