69383. RICHARDSON v. PARK AVENUE BANK.
(325 SE2d 455)

DEEN, Presiding Judge.

On March 10, 1983, the appellee, Park Avenue Bank, commenced this attachment proceeding to levy upon certain real property in Echols County, the record owner of which was the appellant's former husband, Larry Knight. The appellant, Hilda K. Richardson, filed a third-party claim to the property, contending that she had been awarded the property by the divorce decree on July 22, 1982. Larry Knight had never prepared a warranty deed in favor of the appellant, as required by the divorce decree, and the appellant had never recorded the judgment of divorce. Following a bench trial, the court below granted an in rem judgment for the appellee bank against the property, finding that the divorce decree of July 22, 1982, did not affect the title to the property because the appellant had never recorded that decree.

In 1978 the appellant and Larry Knight purchased the property involved in this case, although title to the property was placed solely in the name of Larry Knight. No deed to secure debt was given back to the seller, but a promissory note was executed. In February 1982 Larry Knight purchased an automobile, financing that purchase through the appellee bank and pledging the vehicle as collateral. (Under the divorce decree, Larry Knight was awarded the automobile and was responsible for the indebtedness.) Following the divorce, the appellant paid off the remaining indebtedness on the real property, but Larry Knight disappeared and defaulted on his car note with the appellee. The appellee thus had begun the attachment proceeding to satisfy this debt (totalling $8,578.79) of Larry Knight. *Held*:

Where property is levied on pursuant to an attachment, and is claimed by one not a party to the attachment, the only issue on the trial of the case is whether title to the property is held by the claimant or by the defendant in attachment. *Parham & Co. v. Potts-Thompson Co.*, 127 Ga. 303 (56 SE 460) (1906); *Bank of Manchester v. Universal Credit Co.*, 45 Ga. App. 233 (164 SE 95) (1932). In the instant case, while the appellant's former husband never provided her with a warranty deed as ordered in the divorce decree, the decree itself placed title to the real property in question in the appellant just as a deed would have. *Elrod v. Elrod*, 231 Ga. 222 (200 SE2d 885) (1973). As between the appellant and Larry Knight (the defendant in attachment), the appellant had title to the property, and the property thus was not subject to attachment by the appellee bank as satisfac-

tion of the personal debt owed it by Larry Knight.

The appellee and the trial court relied upon OCGA § 9-12-86 (b), which provides that "[n]o judgment, decree, or order or any writ of fieri facias issued pursuant to any jugment, decree, or order of any superior court . . . shall in any way affect or become a lien upon the title to real property until the judgment, decree, order, or writ of fieri facias is recorded in the office of the clerk of the superior court of the county in which the real property is located and is entered in the indexes to the applicable records in the office of the clerk." That code section, however, is inapposite here. Notwithstanding its somewhat broad language, the statute concerns perfection of judgments as liens upon real property, and not perfection of title. See Ga. L. 1966, p. 142. "The title to the Act expressly states that § 110-515 [now OCGA § 9-12-86] concerns 'Judgments as Liens on Real Estate — How Perfected.' The purpose of the statute is to protect third persons acting in good faith and without notice . . ." *Nat. Bank of Ga. v. Morris-Weathers Co.*, 248 Ga. 798, 800 (286 SE2d 17) (1982).

Not only did the appellant establish her title to the property (the crucial issue in the proceeding below), but application of OCGA § 9-12-86 to the instant case would not in any event serve the statute's purpose since the appellee bank, which merely sought to attach the real property as satisfaction of a personal debt completely unrelated to that property, was not in the position of a third party "acting in good faith and without notice." Accordingly, the trial court erred in granting judgment for the appellee.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984 —
REHEARING DENIED DECEMBER 11, 1984 —

*O. Wayne Ellerbee*, for appellant.
*Walter F. Newsom*, for appellee.