## A97A0442. NATIONSBANK, N.A. v. GIBBONS et al.
(487 SE2d 417)

SMITH, Judge.

The sole issue presented by this appeal is the relative priority for enforcement purposes of a Georgia judgment and an earlier obtained but later domesticated foreign judgment against the same debtor. The trial court ruled in favor of the Georgia judgment. We granted this discretionary appeal to clarify the law concerning this issue of first impression, and we now affirm.

NationsBank, N.A. d/b/a Sovran Bank, N.A., Credit Card obtained a judgment in Virginia against Troy Gibbons in 1988. The University of Michigan obtained a judgment against Gibbons in the

State Court of Fulton County in June 1993. The university then obtained a fi. fa. and instituted garnishment proceedings to enforce its judgment. On May 21, 1996, NationsBank domesticated its Virginia judgment by filing it in the State Court of Fulton County in accordance with OCGA § 9-12-132. It then obtained a fi. fa. and instituted garnishment proceedings to enforce its judgment.

When Gibbons's employer answered, he indicated that Gibbons was currently being garnished by the university. NationsBank filed a motion for distribution of money pursuant to OCGA § 18-4-96, claiming that it was entitled to the garnishment funds in the court's registry because its judgment was obtained first. The university objected. The trial court ruled that the university's lien was superior to that of NationsBank.

OCGA § 18-4-96 provides that when "money or other property in court is subject to the claims of more than one garnishment case, any interested party to any one of the garnishment cases may make a motion to the court in his case for the distribution of the money or other property. . . . Upon hearing the motion, the court shall enter an order directing that the clerk be paid the court cost of each garnishment proceeding first, and all remaining money or other property shall be distributed in accordance with the law governing the relative priorities of claims, judgments, and liens."

NationsBank contends the trial court erred in ruling that the university's judgment constituted the senior lien. It argues that under the full faith and credit clause of the U. S. Constitution, Art. 4, Sec. 1, the judgment of a sister state must be treated in Georgia exactly as Georgia judgments are treated, and that because the NationsBank judgment was entered earlier, it is superior.

It is clear that in Georgia, the relative position of judgment liens is determined by seniority; an older Georgia judgment has priority over a newer judgment. *Fas-Pac, Inc. v. Fillingame*, 123 Ga. App. 203 (180 SE2d 243) (1971). According to NationsBank, it follows that if accorded full faith and credit, its Virginia judgment must therefore have priority as well, notwithstanding that it was not domesticated until later. NationsBank argues that when its judgment was domesticated, the domestication then "related back" to the date of its judgment.

We reject this interpretation of the term "full faith and credit." It is well established that the doctrine of full faith and credit renders the judgments and adjudications of courts of sister states of competent jurisdiction res judicata in this state. See, e.g., *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594 (373 SE2d 647) (1988). The issues decided in a foreign judgment may not be relitigated. But enforcement is another matter.

Although a foreign judgment is entitled to full faith and credit,

to be enforced in Georgia it must first be domesticated. For this purpose, the Uniform Enforcement of Foreign Judgments Law, OCGA §§ 9-12-130 to 9-12-138, provides a method for domesticating judgments obtained outside Georgia. The Act does not provide that a foreign judgment is automatically enforceable in the same manner as a Georgia judgment. Instead, it provides that "[a] *filed* foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner." (Emphasis supplied.) OCGA § 9-12-132.

It is true that under Georgia law, a judgment lien begins on the date of entry of judgment and attaches to all property of the defendant owned by him at that time and all property subsequently acquired. *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. 815, 818 (2) (348 SE2d 91) (1986). But OCGA § 9-12-80, from which this principle derives, applies only to "[a]ll judgments obtained in the superior courts, magistrate courts, or other courts *of this state.*" Until a foreign judgment is domesticated in Georgia, it is not the judgment of a court "of this state." Although it is entitled to full faith and credit, Georgia legal process may not be used to enforce it. That right is acquired by domestication, which makes the foreign judgment a judgment of this state as well. "The Uniform Enforcement of Foreign Judgments Law is a summary procedure for endowing a filed foreign judgment with the 'same effect' as a judgment of the court in which it is filed." *Hammette v. Eickemeyer*, 203 Ga. App. 243 (416 SE2d 824) (1992). Because the foreign judgment cannot be enforced until it is domesticated, it follows that it cannot acquire position relative to other liens.

This is a sound rule. Judgment creditors are not necessarily aware of outstanding foreign judgments against the judgment debtor. It would be fundamentally unfair to allow foreign judgment creditors to stand idly by while other judgment creditors institute enforcement proceedings against a debtor in Georgia, and then take advantage of those proceedings to satisfy foreign judgments of which the institutors had no notice. Judgment creditors should not be required to search the records of the 50 states, the District of Columbia, the United States government, and the territories of the United States before instituting enforcement proceedings against a Georgia judgment debtor in order to ensure that they will be allowed to reap the benefits of their efforts.

The trial court did not err in ruling that the university's judgment was entitled to priority.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 30, 1997.

 Before Judge Bridges, pro hac vice.

*Fred J. Hanna, Jerry C. Tootle, Jr., Elizabeth C. Whealler,* for appellant.

*Stokes, Lazarus & Carmichael, Richard J. Joseph,* for appellees.